## THIRD DEPARTMENT, NOVEMBER, 1925.

In the Matter of Proving the Last Will and Testament of ANNA LaBELLE, Deceased.

*Wills — probate — credibility of witnesses for jury — error to direct verdict — question for jury whether will was executed through undue influence.*

Appeal from a decree of the Surrogate's Court of Rensselaer county, entered in the office of said Surrogate's Court on April 24, 1925, admitting to probate the alleged last will and testament of said decedent.

PER CURIAM: The paper probated disclosed a testamentary intent absolutely different from that expressed in a paper executed by the deceased in due form as her will about ten days prior to the execution of this probated paper. There is no explanation of this marked change in intent. The record shows an affidavit, made by the deceased at the same time the probated paper was executed, in which among other things it is stated that she had no living relatives, when in fact she had a husband and children living. Either the deceased knew the affidavit to be false, or she did not know or comprehend its meaning; the latter alternative may be thought the more likely. The most probable purpose in procuring this affidavit was to avoid the service of citations for proof of the will. It is highly improbable that the deceased either conceived the purpose, or instigated the making, of the affidavit. The relations of the parties and the unusual circumstances disclosed in the record invite inquiry as to whether the probated paper expresses the intelligent, free act and will of the testatrix. The statements of some of the witnesses disclose conditions, which if true, absolutely discredit the will; but, if not true, the statements are most scandalous. We do not feel called upon to recite the evidence or the inferences which a jury might draw from it, and we content ourselves, in disposing of this case, with stating that the credibility of the witnesses was for the jury and the surrogate erred in directing a verdict. Without placing a limit upon questions which on a new trial may be submitted to the jury, we are of opinion that, on the evidence in this record, the surrogate should have submitted to the jury the question whether or not the paper proposed for probate was executed by the deceased under undue influence. The decree should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur. Decree reversed on the law and new trial granted, with one bill of costs to appellants to abide the event.